# EXHIBIT A

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF QUEENS<br>------------------------------------------------------------x<br><br>SELWYN WALKER,<br> Plaintiff, <br>-against-<br><br>PAROLE OFFICER A. MANDERSON, #2399, PAROLE OFFICER DIXON, #2254, PAROLE OFFICER SUPERVISOR UZZELL, PAROLE OFFICER FULLER, THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS and THE NEW YORK CITY POLICE DEPARTMENT,<br> Defendant(s), <br>------------------------------------------------------------x | **SUMMONS**<br><br>Index #: 701350/2018<br><br>Date of filing: 01/28/2018<br>Plaintiff designates **QUEENS** County as the place of trial<br><br>Basis of the venue is:<br><br>**PLAINTIFFS' RESIDENCE**<br><br>Plaintiff resides at:<br>2228 Loretta Road, 1st floor,<br>Far Rockaway, NY 11691 |

**TO THE ABOVE NAMED DEFENDANT:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance upon the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

| Defendant addresses: | Plaintiff's attorney: |
|---|---|
| **THE CITY OF NEW YORK**<br>c/o **CORPORATION COUNSEL OF THE CITY OF NEW YORK**<br>100 Church Street<br>New York, New York 10007<br><br>**THE NEW YORK CITY DEPARTMENT OF CORRECTIONS**<br>75-20 Astoria Blvd.<br>East Elmhurst, NY 11370<br><br>**THE NEW YORK CITY POLICE DEPARTMENT**<br>100 Church Street | **CONDE & GLASER L.L.P.**<br>Attorneys for the Plaintiff<br>SELWYN WALKER<br>291 Broadway (17th Floor)<br>New York, New York 10007<br>Phone: (212) 385-9300 |

1

New York, New York 10007

**PAROLE OFFICER A. MANDERON**
#2399
96-36 MERRICK BLVD.
QUEENS, NEW YORK 11432

**PAROLE OFFICER DIXON**
#2254
96-36 MERRICK BLVD.
QUEENS, NEW YORK 11432

**PAROLE        OFFICER        SUPERVISOR
UZZELL**
96-36 MERRICK BLVD.
QUEENS, NEW YORK 11432

**PAROLE OFFICER FULLER**
96-36 MERRICK BLVD.
QUEENS, NEW YORK 11432

Dated:     January 26, 2018
           New York, New York

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF QUEENS<br>------------------------------------------------------------x<br><br>SELWYN WALKER,<br><br>                                Plaintiff,<br><br>-against-<br><br>PAROLE OFFICER A. MANDERSON, #2399, PAROLE<br>OFFICER DIXON, #2254, PAROLE OFFICER<br>SUPERVISOR UZZELL, PAROLE OFFICER FULLER,<br>THE CITY OF NEW YORK, THE NEW YORK CITY<br>DEPARTMENT OF CORRECTIONS and THE NEW<br>YORK CITY POLICE DEPARTMENT,<br>                            Defendant(s),<br>------------------------------------------------------------x | **COMPLAINT**<br><br>Index #: |

Plaintiff, **SELWYN WALKER,** by his attorneys, **CONDE & GLASER LLP,** complaining of the defendants herein upon information and belief, respectfully shows to this Court, and alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

1.    That at all times hereinafter mentioned, the Plaintiff, SELWYN WALKER, is and was a resident of QUEENS County, City and State of New York.

2.    That at all times hereinafter mentioned, the Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

3.    That at all times hereinafter mentioned, the Defendant, THE NEW YORK CITY POLICE DEPARTMENT was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

4.    That at all times hereinafter mentioned, the Defendant, THE CITY OF NEW YORK maintains, controls and manages the Defendant, THE NEW YORK CITY POLICE

1

DEPARTMENT, a duly authorized public authority, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

5.  That at all times hereinafter mentioned, any employees of the Defendant, the NEW YORK CITY POLICE DEPARTMENT (NYPD) and/or THE CITY OF NEW YORK pertinent to this lawsuit were acting under the auspices and/or direction of THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK.

6.  That at all times hereinafter mentioned, THE NEW YORK CITY POLICE DEPARTMENT and its employees were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of THE NEW YORK CITY POLICE DEPARTMENT  and THE CITY OF NEW YORK.

7.  That at all times hereinafter mentioned, the Defendant, THE CITY OF NEW YORK, maintains, controls and manages the Defendant, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, a duly authorized public authority authorized to perform all functions of a corrections department under the applicable New York State and New York City laws, under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

8.  That at all times hereinafter mentioned, any employees of the Defendant, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS pertinent to this lawsuit were acting under the auspices and/or direction of HE CITY OF NEW YORK.

9.  That at all times hereinafter mentioned, any actions of any employees of the Defendant,

THE NEW YORK CITY DEPARTMENT OF CORRECTIONS pertinent to this lawsuit, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

10. That on October 31, 2016, and at all times hereinafter mentioned, any actions of the employees of the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF CORRECTIONS pertinent to this lawsuit were acting within the scope of their duties at the time of the acts complained of herein.

11. That at all times hereinafter mentioned, the Defendant, PAROLE OFFICER MANDERSON, was and is a parole officer and duly sworn employee of the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION and/or the STATE OF NEW YORK - DIVISION OF PAROLE and was acting in her official capacity as an employee acting under the supervision of said agency or agencies and/or departments and according to her official duties at the time of the facts alleged herein as an employee of the State of New York.

12. That at all times hereinafter mentioned, the Defendant, PAROLE OFFICER DIXON was and is a parole officer and duly sworn employee of the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION and/or the STATE OF NEW YORK - DIVISION OF PAROLE and was acting in his official capacity as an employee acting under the supervision of said agency and/or department and according to his official duties at the time of the facts alleged herein.

13. That at all times hereinafter mentioned, the Defendant, PAROLE OFFICER SUPERVISOR OFFICER UZZELL was and is a parole officer and duly sworn employee

3

of the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION and/or the STATE OF NEW YORK - DIVISION OF PAROLE and was acting in his official capacity as an parole officer supervisor acting under the supervision of said departments and/or agencies and according to his official duties at the time of the facts alleged herein.

14. That at all times hereinafter mentioned, the Defendant, PAROLE SUPERVISOR OFFICER FULLER was and is a parole officer and duly sworn employee of the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION and/or the STATE OF NEW YORK - DIVISION OF PAROLE and was acting in his official capacity as an employee acting under the supervision of said departments and/or agencies and according to his official duties at the time of the facts alleged herein.

15. That at all times hereinafter mentioned, the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION and/or the STATE OF NEW YORK - DIVISION OF PAROLE are agencies under the Supervision of the State of New York.

16. That a Notice of Claim was filed on behalf of the Plaintiff on the Defendants, THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, and a hearing was conducted pursuant to General Municipal Law Section 50(h) concerning the events at issue herein.

17. That a Notice of Claim was filed on behalf of the Plaintiff upon the STATE OF NEW YORK concerning the events at issue herein.

18. That at all times hereinafter mentioned, each and all of the acts committed by employees

4

of THE NEW YORK CITY POLICE DEPARTMENT and/or THE CITY OF NEW YORK were performed while acting within the scope of their employment by the Defendant, THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK.

19. On October 31, 2016, at approximately 4:00 to 4:30 p.m., the Plaintiff, Selwyn Walker, was approached by PAROLE OFFICERS MANDERSON, DIXON and UZZELL, employees of the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION and/or the NEW YORK STATE DIVISION OF PAROLE while he was exiting a shed which was located on his property and which was part of his residence located at 2228 Loretta Road, Far Rockaway, New York.

20. On October 31, 2016, PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL advised the Plaintiff that he was in violation of his parole because he was in his backyard, a property gated and enclosed by a six-foot-tall fence.

21. On October 31, 2016, PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL falsely and fraudulently informed the Claimant that he was in violation of his parole because he was in his backyard.

22. On October 31, 2016, PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL also inquired from the Claimant's sister, who owns the aforementioned property, whether or not a Channel 7 News crew could come onto the property, to which she responded "NO." Plaintiff's sister further requested news reporters from "Channel 7 News" to leave her property while they stood on the front lawn and driveway. As such, the aforementioned Parole Officers acted in concert to deprive the Plaintiff of his rights, and to embarrass him, humiliate him, and subject him to scorn in his community.

23. The Plaintiff thereafter remained on the property until approximately 6:00 p.m., when Parole Officers, including P.O. MANDERSON, DIXON, FULLER AND UZZELL returned with reporters and personnel employed by "Channel 7 News" and arrested him in the presence of said news reporters who were in possession of a hidden camera. At such point, Channel 7 News entered into the house without permission and filmed the Parole Officers while making the arrest of the Plaintiff after they had intentionally staged items to appear in a specified manner inside the apartment. Moreover, a press release from Channel 7 News indicated that "Plaintiff had children's toys in his bedroom, including a little girl's stuffed animal and that this was the guy that went back to Rikers."

24. The Plaintiff, despite a prior conviction, had never been convicted of any crime related to pedophilia, and was a victim of a staged event planned and perpetrated by the Defendants, PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZEL and/or the NEW YORK CITY POLICE DEPARTMENT to bolster the aggressive and proactive work of the NYPD and the Department of Parole in their involvement in the program, "Operation Halloween." Upon information and belief, this program was created and orchestrated by the City of New York.

25. Plaintiff was wrongfully accused of a parole violation, falsely arrested and violently handcuffed, and was caused to endure great pain for an extended amount of pain.

26. Plaintiff was falsely imprisoned and detained for two weeks at Rikers Island.

27. On November 1, 2016, Channel 7 News aired a video entitled: "Operation Halloween Aims to Protect Children From Sex Offenders" indicating that a news crew was driving with a squad that included officers employed by the aforementioned Parole Officers, MANDERSON, DIXON, FULLER AND UZZELL employed by the NEW YORK

STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION and/or the NEW YORK STATE DIVISION OF PAROLE, who were conducting sweeps to make certain that registered sex offenders were not violating parole during the Halloween weekend and endangering children.   Upon information and belief, this program was planned and orchestrated by the NYPD and The City of New York.  The targeting of potential pedophiles was specifically discussed during the aforementioned news segment, in addition to the fact that one of the people whose home was visited had actually murdered a child.

28.   With respect to the Plaintiff, SELWYN WALKER, the news segment mentioned that the Plaintiff had violated parole, and was being arrested and taken to Rikers – again falsely implying that the Plaintiff had committed acts of pedophilia, which was completely untrue.

29.   On the 14th Day of November, 2016 at a preliminary hearing, the hearing examiner concluded that the Parole Officers had no probable cause to arrest and detain the Plaintiff because he was in his approved residence at the time of the incident and thus, did not violate his parole or curfew. The hearing examiner further ordered that the Department of Corrections immediately lift the warrant causing the arrest of the Claimant, and release him.

30.   Although the warrant was lifted within two to three hours, upon information and belief, employees of the NEW YORK CITY DEPARTMENT OF CORRECTIONS refused to release the Claimant until more than 24 hours later.

31.   That prior to, and after the lifting of the warrant, as aforesaid, the NEW YORK CITY DEPARTMENT OF CORRECTIONS and their officers, agents and employees

wrongfully incarcerated the Plaintiff.

32. Upon information and belief, although the warrant was lifted within two to three hours, employees of the New York State Department of Corrections refused to release the Plaintiff until more than 24 hours later.

33. On October 31, 2016, employees or officers of the CITY OF NEW YORK and/or THE NEW YORK CITY POLICE DEPARTMENT unlawfully entered and searched the Plaintiff's apartment without the permission or consent of the Plaintiff or his family members without a search warrant.

34. On October 31, 2016, PROBATION OFFICERS, MENDELSON, DIXON, FULLER AND UZZELL unlawfully entered and searched the Plaintiff's residence after falsely accusing him of violating his parole.

35. On October 31, 2016, the Plaintiff did not give voluntary consent to employees or officers of the CITY OF NEW YORK and/or THE NEW YORK CITY POLICE DEPARTMENT to enter and search his premises.

36. On October 31, 2016, NEW YORK CITY POLICE DEPARTMENT officers conducted a warrantless entry and search of the premises which was impermissible under the law.

37. That no criminal act, violation of probation or negligence on the part of the Plaintiff SELWYN WALKER contributed to the occurrence alleged hereinafter in any manner whatsoever.

38. That because of the unlawful arrest, illegal search and harassment of the Plaintiff, SELWYN WALKER, the Plaintiff was caused to sustain permanent personal injuries, including but not limited to negligent infliction of emotional distress, bodily injuries, intentional infliction of emotional distress, false arrest, false imprisonment, violation of the plaintiff's civil rights

under the U.S Constitution, violation of the Plaintiff's rights under 42 U.S.C. §1983, pain,

shock, mental anguish; that these injuries and their effects will be permanent.

39. As a result of the foregoing, Plaintiff is entitled to compensatory damages in a sum
exceeding the jurisdiction of all courts lower than the Supreme Court that would
otherwise have jurisdiction on the First Cause of Action.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF ILLEGAL ENTRY and UNLAWFUL INVASION INTO PLAINTIFF'S RESIDENCE IN VIOLATION OF HIS RIGHTS

40. That at all times hereinafter mentioned, plaintiff, SELWYN WALKER repeats, reiterates
and realleges each and every allegation set forth above numbered "1" through "39" with
the same force and effect as if fully set forth herein.

41. That at all times hereinafter mentioned, Plaintiff, SELWYN WALKER was an inmate
detained by THE CITY OF NEW YORK and THE NEW YORK CITY POLICE
DEPARTMENT.

42. That at all times hereinafter mentioned, Plaintiff, SELWYN WALKER, was an inmate of
the State of New York, detained by PAROLE OFFICERS, MANDERSON, DIXON,
FULLER AND UZZELL.

43. That on October 31, 2016, and at all times hereinafter mentioned, Police Officers and/or
personnel employed by THE CITY OF NEW YORK and THE NEW YORK CITY
POLICE DEPARTMENT assisted PAROLE OFFICERS MANDERSON, DIXON,
FULLER and UZZELL at the time of the events at issue in this lawsuit.

44. That on October 31, 2016, and at all times hereinafter mentioned, Police Officers and/or
personnel involved with the deprivation of the Plaintiff's rights were employed by THE
CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT at the

time of the events at issue in this lawsuit.

45.   That on October 31, 2016, and at all times hereinafter mentioned, PAROLE OFFICERS
      MANDERSON, DIXON, FULLER and UZZELL deprived the Plaintiff of his
      constitutional rights.

46.   That at all times hereinafter mentioned, each and all of the acts of the above-referenced
      Defendants alleged herein, were performed by the defendants while acting in furtherance
      of their official duties.

47.   That at all times hereinafter mentioned, each and all of the acts of the officers and/or
      employees of the defendants assisting in the arrest of the Plaintiff were employees of
      THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT
      and were acting in furtherance of their official duties.

48.   That on or about October 31, 2016, the Plaintiff was wrongfully incarcerated by the
      Defendants, PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL due
      to a false and unlawful claim about Plaintiff's violation of parole.

49.   That on or about October 31, 2016, the Plaintiff was wrongfully incarcerated by officers
      and/or employees of the Defendants, THE CITY OF NEW YORK and THE NEW
      YORK CITY POLICE DEPARTMENT due to a false and unlawful claim about
      Plaintiff's violation of parole.

50.   That the Defendants, and/or the Defendants' officers and/or employees knowingly and
      illegally entered the Plaintiff's home without the voluntary consent of the Plaintiff

51.   That the Defendants did not have any probable cause to enter the premises of Plaintiff's
      home.

52.   That on and after October 31, 2016, while the Plaintiff was lawfully detained he sustained

numerous types of intentional infliction of emotional distress, and the negligent infliction of emotional distress

53. That the criminal charges filed against the Plaintiff were patently false.

54. That the forgoing assault and false criminal allegations were committed due to the recklessness, carelessness, negligent and reckless conduct of the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL at the time of the events pertaining to this lawsuit, who allowed, set up and reinforced the false basis of the aforementioned incarceration of Plaintiff to be committed while acting within the scope of their responsibilities for the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT and the State of New York.

55. That the acts complained of were carried out by the aforementioned officers, agents and/or employees of the Defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, in their capacity or capacities as police officers with all the actual and/or apparent authority attendant thereto.

56. That the acts complained of concerning the individual Defendants, PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZEL were carried out by the aforementioned individual Defendants in their capacities as Parole Officers and employees of the State of New York, with all the actual and/or apparent authority attendant thereto.

57. The acts complained of were carried out by the aforementioned police officers of THE NEW YORK CITY POLICE DEPARTMENT in their capacities as officers of THE NEW YORK CITY POLICE DEPARTMENT/or THE CITY OF NEW YORK, pursuant to the customs, policies, usages, practices, procedures, and rules of THE NEW YORK

CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, and under the supervision of ranking officers of THE NEW YORK CITY POLICE DEPARTMENT.

58. The acts complained of concerning PAROLE OFFICERS MANDERSON, FULLER DIXON and UZZEL were carried out by them as Parole Officers for the State of New York, pursuant to the customs, policies, usages, practices, procedures, and rules of The State of New York, and under the supervision of ranking officers of the New York State Division of Parole.

59. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented and supported by numerous civil rights actions filed against THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK.

60. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented and supported by numerous civil rights actions filed against The State of New York, concerning Parole Officers and other law enforcement personnel on behalf of the State of New York.

61. The existence of customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT constituted a deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff.

62. The existence of customs, policies, usages, practices, procedures and rules of The State of New York as it concerns Parole Officers and other law enforcement personnel constituted a deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff.

63. The foregoing customs, policies, usages, practices, procedures and rules of THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK were the direct

and proximate cause of the constitutional violations suffered by the Plaintiff, as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of The State of New York and its law enforcement agencies were the direct and proximate cause of the constitutional violations suffered by the Plaintiff, as alleged herein.

65. As a result of the foregoing, plaintiff is entitled to compensatory damages in a sum exceeding the jurisdiction of all courts lower than the Supreme Court that would otherwise have jurisdiction on the Second Cause of Action.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF: CONSTITUTIONAL VIOLATIONS UNDER COLOR OF LAW

66. That at all times hereinafter mentioned, plaintiff, SELWYN WALKER repeats, reiterates and realleges each and every allegation set forth above numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. That by reason of the foregoing and the negligence of the said Defendants, this Plaintiff, SELWYN WALKER is informed and verily believes his aforesaid injuries are permanent and that he will permanently suffer from the effects of the aforesaid injuries; and that furthermore, plaintiff will be caused to suffer permanent embarrassment, emotional suffering and continuous emotional distress as a result of the aforesaid injuries.

68. That by reason of the wrongful, negligent and unlawful actions of the Defendants, PAROLE OFFICERS MANDERSON, FULLER DIXON and UZZEL, as aforesaid, the Plaintiff, SELWYN WALKER sustained serious, severe, and permanent injuries and still suffers and will continue to suffer for some time, great mental pain and serious injury.

69. As a result of the foregoing, plaintiff is entitled to compensatory damages in a sum exceeding the jurisdiction of all courts lower than the Supreme Court that would

13

otherwise have jurisdiction on the Third Cause of Action.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE
## PLAINTIFF: UNCONSTITUTIONAL CUSTOMS AND POLICIES

70.    That at all times hereinafter mentioned, plaintiff, SELWYN WALKER repeats, reiterates and realleges each and every allegation set forth above numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.    That at all times hereinafter mentioned, the each and all of police officers and/or employees PAROLE OFFICERS PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York.

72.    That at all times hereinafter mentioned, each and all of the acts committed by employees of The State of New York, namely, PAROLE OFFICERS PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL, were performed while acting within the scope of their employment by the defendant, The State of New York.

73.    That at all times hereinafter mentioned, each and all of the acts of the above-referenced defendants alleged herein, namely PAROLE OFFICERS PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL, were performed by said defendant(s) while acting in furtherance of their employment with the defendant, The State of New York.

74.    That the acts complained of were carried out by the aforementioned individual defendant(s) PAROLE OFFICERS PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL in their capacities as Parole Officers, with all the actual and/or apparent authority attendant thereto.

75.    That the acts complained of were carried out by the aforementioned individual

defendant(s) in their capacity as Parole Officers, PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL with all the actual, official and/or apparent authority attendant thereto as officers, agents and/or employees of the State of New York.

76. That the acts complained of were carried out by the aforementioned Parole Officers in their capacities as officers of The State of New York, pursuant to the customs, policies, usages, practices, procedures, and rules of The State of New York, all under the supervision of ranking officers of said department including but not limited to Parole Officer Supervisor Uzzell.

77. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented and supported by numerous civil rights actions filed against Parole Officers, and other law enforcement officers and personnel, acting on behalf of the State of New York.

78. The existence of customs, policies, usages, practices, procedures and rules of The State of New York constituted a deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff.

79. The foregoing customs, policies, usages, practices, procedures and rules of The State of New York were the direct and proximate cause of the constitutional violations suffered by the Plaintiff, as alleged herein.

80. The Defendants, PAROLE OFFICERS PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL in their capacities as Parole Officers for the State of New York, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of the Plaintiffs.

81. All of the foregoing acts by the defendants deprived the Plaintiff of federally protected

rights, including, but not limited to, the right:

    i.     Not to be deprived of liberty without due process of law;

    ii.    Not to have cruel and unusual punishment imposed upon him by police officers **and**

    iii.   To receive equal protection under the law.

82. That as a result of the foregoing false imprisonment, unlawful arrest and harassment committed upon the Plaintiff, SELWYN WALKER by the aforementioned Defendants, PAROLE OFFICERS PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL in their capacities as Parole Officers, this plaintiff sustained serious, severe, and permanent injuries and still suffers and will continue to suffer for some time, great mental pain.

83. That as a result of the foregoing, Plaintiff is entitled to compensatory damages in the sum exceeding the jurisdiction of all courts lower than the Supreme Court that would otherwise have jurisdiction on the Fourth Cause of Action.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF: CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. §1983

84. That at all times hereinafter mentioned, plaintiff, SELWYN WALKER repeats, reiterates and realleges each and every allegation set forth above numbered "1" through "83 with the same force and effect as if fully set forth herein.

85. All of the aforementioned acts of defendants, their agents, servants and employees. Including but not limited to the actions of the Defendants, PAROLE OFFICERS PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL were carried out under the color of law as officers of the State of New York.

86. All of the aforementioned acts deprived plaintiff, SELWYN WALKER of the rights,

privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

87. The acts complained of were carried out by the aforementioned individual defendant in their capacities as Parole Officers, with all of the actual and/or apparent authority attendant thereto.

88. The acts complained of were carried out by the aforementioned individual defendant(s), PAROLE OFFICERS PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL in their capacities as employees and/or Parole Officers of The State of New York, pursuant to the customs, usages, practices, procedures, and rules of The State of New York and its agencies or departments, all under the supervision of ranking officers of said agencies or departments.

89. Each of the aforementioned Defendants, including PAROLE OFFICERS PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

90. As a result of the foregoing, plaintiff is entitled to compensatory damages in a sum exceeding the jurisdiction of all courts lower than the Supreme Court on the Fifth Cause of Action.

## AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF: DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

91. That at all times hereinafter mentioned, plaintiff, SELWYN WALKER repeats, reiterates and realleges each and every allegation set forth above numbered "1" through "90" with

the same force and effect as if fully set forth herein.

92. The Defendants, PAROLE OFFICERS PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL, as officers, agents and/or employees of the State of New York, acted with intent to do harm to the plaintiff, SELWYN WALKER without excuse or justification.

93. As a result of the foregoing, plaintiff experienced emotional distress in addition to the sustained psychological distress over the relentless harm from caused by the PAROLE OFFICERS PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL as officers, agents and/or employees of the State of New York.

94. That based on the foregoing, the Plaintiff demands and amount in excess of the jurisdiction of all courts lower than the Supreme Court on the Sixth Cause of Action.

**AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983**

95. That at all times hereinafter mentioned, Plaintiff, SELWYN WALKER repeats, reiterates and realleges each and every allegation set forth above numbered "1" through "94" as if the same were more fully set forth at length herein.

96. Each and all of the Defendants, including but not limited to PAROLE OFFICERS PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL, as officers, agents and/or employees of the State of New York, deprived the Plaintiff, SELWYN WALKER of his constitutional right to be free from cruel and unusual punishment by actively participating in, or aiding and abetting in the unlawful arrest, harassment and the deprivation of the Plaintiff's constitutional rights.

97. That based on the foregoing, the Plaintiff Demands and amount in excess of the jurisdiction of all courts lower than the Supreme Court on the Seventh Cause of Action.

## AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: LIABILITY OF THE STATE

98. That at all times hereinafter mentioned, plaintiff, SELWYN WALKER repeats, reiterates and realleges each and every allegation set forth above numbered "1" through "97" as if the same were more fully set forth at length herein.

99. The various individual Defendants, as Police Officers and/or employees of the Defendants, PAROLE OFFICERS PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL, as officers, agents and/or employees of the State of New York, unlawfully invaded the plaintiff's home without a warrant or for cause, harassed, and unlawfully arrested the plaintiff thereby violating the constitutional rights of the Plaintiff, SELWYN WALKER notwithstanding their knowledge that their actions would jeopardize the Plaintiff's well-being, safety and constitutional rights.

100. The acts complained of were carried out by the aforementioned individual Defendants, PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL, as officers, agents and/or employees of the State of New York, in their capacity as Parole Officers Officers and/or employees of The State of New York, with all the actual and/or apparent authority attendant thereto.

101. The acts complained of were carried out by the aforementioned individual defendants, PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL, as officers, agents and/or employees of the State of New York, in their capacity as Parole Officers and/or employees of The State of New York, pursuant to the customs, policies, usages, practices, procedures, and rules of THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK all under the supervision of ranking officers of said agencies or departments.

102. The aforementioned customs, policies, usages, practices, procedures and rules of The

State of New York include, but are not limited to, the following unconstitutional

practices:

    (a)    Arresting, assaulting, and battering an innocent person notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

    (b)    Arresting, battering and invading the home of the Plaintiff with no probable cause, and attacking, assaulting, battering an innocent person;

    (c)    Subjecting an innocent person to assault and battery which fails to conform to fundamental standards of due process as recognized by this and other jurisdictions throughout the United States;

    (d)    Subjecting an innocent person to assault, attack and battering based on the vendetta and/or political agenda of Parole Officers employed by the State of New York.

103. The foregoing customs, policies, usages, practices, procedures and rules followed by

PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL, as officers,

agents and/or employees of the State of New York, in their capacity as Parole Officers

and/or employees of The State of New York, were the direct and proximate cause of the

constitutional violations suffered by Plaintiff, SELWYN WALKER as alleged herein.

104. The foregoing customs, policies, usages, practices, procedures and rules followed by

PAROLE OFFICERS MANDERSON, DIXON, FULLER and UZZELL, as officers,

agents and/or employees of the State of New York, in their capacity as Parole Officers

and/or employees of The State of New York, were the moving force behind the

constitutional violations suffered by the Plaintiff, SELWYN WALKER as alleged herein.

105. The aforementioned Defendants, collectively and individually, while acting under color

of state law, were directly and actively involved in violating the constitutional rights of

plaintiff SELWYN WALKER.

106. The Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers of the State of New York, and were thus directly responsible for the violation of the Plaintiff, SELWYN WALKER'S constitutional rights.

107. All of the foregoing acts by defendants deprived Plaintiff, SELWYN WALKER of federally protected rights, including, but not limited to, the right:

    i.   Not to be deprived of liberty without due process of law;

    ii.   To be free from seizure and arrest not based upon probable cause;

    iii.   To be free from harassment and unwarranted home invasion

    iv.   To be free from unwarranted and malicious criminal prosecution;

    v.   Not to have cruel and unusual punishment imposed upon him; and

    vi.   To receive equal protection under the law.

108. That based on the foregoing, the Plaintiff Demands and amount in excess of the jurisdiction of all courts lower than the Supreme Court on the seventh cause of action.

**WHEREFORE**, the Plaintiff, SELWYN WALKER demands judgment in a sum exceeding the jurisdiction of all courts lower than the Supreme Court that would otherwise have jurisdiction on the first, second, third, fourth, fifth, sixth and seventh causes of action, in addition to punitive damages, plus attorney's fees, costs, and disbursements of this action.

DATED:    New York, New York
            January 26, 2018       Yours, etc.,

                                             _Ezra B. Glaser_

BY:    Ezra B. Glaser
        CONDE & GLASER L.L.P
        Attorneys for the Plaintiff
        SELWYN WALKER
        291 Broadway (17th Floor)

New York, New York 10007
Phone: (212) 385-9300

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NEW YORK         )

I, EZRA B. GLASER, of CONDE & GLASER, L.L.P., the undersigned, an attorney duly-admitted to practice law before the Courts of the State of New York, with offices at 291 Broadway (17th Floor), New York, New York, does state the following under the penalties of perjury:

That I am the attorney for the plaintiff in the within action; that I have read the foregoing **COMPLAINT** and know the contents thereof; that the same is true to my own knowledge, except as to those matters that I believe to be true. The reason this verification is being made by me and not by my client is that my client is not presently within the county wherein I maintain my offices, and does not reside in the county wherein I maintain my offices. The grounds of my belief as to all matters are stated upon my own knowledge based on the investigative materials in my file and the investigation conducted by my office.

Dated: New York, New York
        January 26, 2018

_____
Ezra      B.      Glaser,      Esq.

1